WALTER M. JOYCE AND MYRTLE JOYCE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52458.    Filed October 14, 1955.

*J. E. Rappoport, Esq.*, for the petitioners.
*James F. Shea, Esq.*, for the respondent.

14

OPINION.

MURDOCK, *Judge:* The petitioners concede that their declarations of estimated tax should have been filed on March 15 of the year to which applicable and seek to avoid the additions imposed by section

294 (d) (1) (A) by showing reasonable cause for the late filings on December 22, 1950, and January 15, 1952. Counsel for the petitioners argues that Walter relied upon the advice of an accountant that he did not have to file declarations of estimated tax because the general practice of the Bureau of Internal Revenue was not to require the filing of such returns during 1950 and 1951. The record does not support that argument in any particular and one phase of it is incredible.

Walter testified that he did the accounting work for his business, was responsible for the filing of the declarations of estimated tax for 1950 and 1951, and did not rely upon or seek the advice of anyone else in connection with those returns except to ask the public accountant, who was then preparing his final returns, for the amount which he should show as estimated tax. Walter did not seek to excuse himself for his failure to file the declarations on time by reason of anything which the accountant told him or failed to tell him. He never indicated that he employed the accountant in that connection. The accountant's testimony indicates that he never assumed responsibility for advising Walter as to when or whether he should file declarations of estimated tax although he knew the requirements of the Code and the regulations on the subject.

Walter knew that he should file declarations of estimated tax but said he thought he had until December 15 of the year in question to file them. Walter was intelligent and was conducting a successful business which made him liable for the additions if he failed to file proper and timely returns. He should have obtained any necessary information on the subject which he lacked. He claims no more than mistake as to or ignorance of the law and that does not amount to reasonable cause which would relieve him from the additions to the tax under section 294 (d) (1) (A). *Eagle Piece Dye Works*, 10 B. T. A. 1360; *Samuel Goldwyn, Inc., Ltd.*, 43 B. T. A. 1086; *Southeastern Finance Co.*, 4 T. C. 1069, affd. 153 F. 2d 205; *Tarbox Corporation*, 6 T. C. 35.

The petitioners also claim depreciation deductions for each year for an automobile which Walter used in his business but for which no deduction was claimed or allowed. The finding has been made that he used the automobile in the ratio of about 80 per cent for business and about 20 per cent for nonbusiness purposes during the taxable years. However, the cost and the date of purchase have not been proven by competent evidence, and no satisfactory evidence of the probable useful life of the automobile has been introduced. The accountant merely told how he prepared the schedules on the amended returns. The petitioners have not shown the make or model of the automobile or whether it was new or used when purchased, which might be helpful in the absence of better evidence of cost and life.

However, it is clear that some deduction should be allowed, and following the principle of *Cohan* v. *Commissioner*, 39 F. 2d 540, the Court has fixed $400 as a reasonable allowance for depreciation of the automobile for each of the taxable years.

*Decision will be entered under Rule 50.*