HOWARD M. FISCHER AND JANE FISCHER, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52450–52454. Filed October 26, 1955.

---

[1] Proceedings of the following petitioners are consolidated herewith : Howard M. Fischer and Jane Fisher, Docket No. 52450 ; Lester Fischer and Marion Fischer, Docket No. 52451 ; Walter D. Fischer and Elsie Anna Fischer, Docket No. 52452 ; Harold Fischer and Miriam Fischer, Docket No. 52453 ; Alex J. Fischer and Shirley R. Fischer, Docket No. 52454.

*Sol Goodman, Esq.,* for the petitioners.
*James F. Shea, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The only witnesses in the case were Walter and Howard. Neither claimed that he relied upon the advice of any other person in reaching his decision not to file a declaration of estimated tax for 1951. Walter testified that he did not recall receiving any bulletins, information, or data from tax services during the years 1950 and 1951 on the subject of filing estimates and prepayment of taxes. He said he was under the impression that if his earnings for the year 1951 were reported by the 15th of January (apparently referring to January 1952) he would be complying with the law. He did not state the source from which he gained such an impression. Howard testified that he received some information through the mail, from which he concluded that if he filed his return by January 15 he would not have to file a declaration of estimated tax for the previous year. He did not further identify the source of his information. There is no indication in the record as to why the other petitioners failed to file declarations of estimated tax for 1951. Neither mistake as to nor ignorance of the law relieves a taxpayer who fails to file a declaration of estimated tax from the additions to the tax under section 294 (d) (1) (A). *Eagle Piece Dye Works,* 10 B. T. A.

1360; *Samuel Goldwyn, Inc., Ltd.*, 43 B. T. A. 1086; *Southeastern Finance Co.*, 4 T. C. 1069, affd. 153 F. 2d 205; *Tarbox Corporation*, 6 T. C. 35; *Walter M. Joyce*, 25 T. C. 13.

Counsel for the petitioners in his brief states the nature of the controversy as follows:

The petitioners claimed said penalty was erroneously asserted because they were members of a partnership having a taxable year ending December 31, 1951, and by reason thereof, during the year 1951 they had no knowledge that they would or could reasonably expect earnings or income from said partnership during said year.

The only excuse for the failure to file alleged in the petitions is similar to the above statement. There is no evidence in this record to show that any petitioner relied upon any such theory in failing to file a declaration of estimated tax, but if they had any such notion it would not have relieved them from the additions for failure to file.

The statutory provisions requiring the filing of a declaration of estimated tax are clear and mandatory. They specify the taxpayers who are required to file, the time and manner of filing, how the payments of tax shall be made and the additions which will follow any failure to comply with the law. *Rene R. Bouche*, 18 T. C. 144, appeal dismissed (C. A. 2, Dec. 17, 1954). Section 58 (a) (2) requires a declaration of estimated tax to be filed by every taxpayer whose gross income from sources other than wages could reasonably be expected to exceed $100 and whose gross income could reasonably be expected to be $600 or more for the taxable year. No taxpayer involved in this case testified that at some time in 1951 he expected that his or her gross income for that year would not exceed the figures stated. The record of earnings of their partnership or partnerships show that they could reasonably have expected at all times in 1951 earnings far in excess of the $100 and $600 amounts. The fact that the taxable year of the partnership or partnerships, of which they were members, ended on December 31, is of no consequence in this connection.

Counsel for the petitioners also argues in his brief "Where members of a partnership are advised that the partnership is sustaining losses during the first nine months of a calendar year," they are not subject to the additions under section 294 (d) (1) (A) for failure to file a declaration of estimated tax during that year. No such allegations are made in the petitions. Neither witness claimed that he or any of the other partners relied upon any such information in failing to file returns. One witness testified it was usual to lose money during the winter months when the weather interfered with their work. The evidence fails to indicate that any partner had any doubt at any time during the year 1951 that the partnership or partnerships would not

have substantial earnings for 1951 when the work then in progress was completed and payment became due on the contracts.

Counsel for the petitioners argues also that "During the year 1951, numerous tax services, general information, and general belief, brought to the attention of petitioners that a Declaration of Estimated Tax was not required if a final return and payment of tax was made by January 15th of the succeeding year." No such allegations are contained in the petitions. The evidence does not show that any such misinformation was brought to the attention of any petitioner and was relied upon by that petitioner in deciding not to file a declaration of estimated tax for 1951. Furthermore, reliance upon such misinformation would not form the basis for reasonable cause within the meaning of section 294 (d) (1) (A). Reliance upon rumor that the Commissioner would not enforce the law amounts to willful neglect.

It is immaterial what theories counsel may have. The important thing is whether the taxpayers had reasonable cause for their failure to file declarations of estimated tax. The present record does not justify a finding that the failure of any petitioner to file a declaration of estimated tax for 1951 was due to reasonable cause and not to willful neglect.

*Decisions will be entered for the respondent.*