JOHN ADRIAN COOPER AND IDA WRAY COOPER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56132. Filed January 30, 1956.

*John Adrian Cooper, pro se.*
*J. L. Bailey, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* Section 58 [1] of the 1939 Code plainly sets forth who shall make a declaration of estimated tax, the time and place for

[1] SEC. 58. DECLARATION OF ESTIMATED TAX BY INDIVIDUALS.

(a) REQUIREMENT OF DECLARATION.—Every individual * * * shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if—

(1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25 (b) ; or

(2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more.

\* \* \* \* \* \* \*

(d) TIME AND PLACE FOR FILING.—

(1) IN GENERAL.—The declaration required under subsection (a) shall be filed on or before March 15 of the taxable year, except that if the requirements of section 58 (a) are first met

(A) after March 1 and before June 2 of the taxable year, the declaration shall be filed on or before June 15 of the taxable year, or

(B) after June 1 and before September 2 of the taxable year, the declaration shall be filed on or before September 15 of the taxable year, or

(C) after September 1 of the taxable year, the declaration shall be filed on or before January 15 of the succeeding taxable year.

(2) AMENDMENT OF DECLARATION.—An individual may make amendments of a declaration filed during the taxable year under this subsection, under regulations prescribed by the Commissioner with the approval of the Secretary. If so made, such amendments may be filed on or before the fifteenth day of the last month of any quarter of the taxable year subsequent to that in which the declaration was filed and in which no previous amendment has been filed, except that in the case of an amendment filed after September 15 of the taxable year, it may be filed on or before January 15 of the succeeding taxable year. Declarations and amendments thereof shall be filed with the collector specified in section 53 (b) (1).

(3) RETURN AS DECLARATION OR AMENDMENT.—If on or before January 15 of the succeeding taxable year the taxpayer files a return, for the taxable year for which the declaration is required, and pays in full the amount computed on the return as payable, then, under regulations prescribed by the Commissioner with the approval of the Secretary—

(A) If the declaration is not required to be filed during the taxable year, but is required to be filed on or before such January 15, such return shall, for the purposes of this chapter, be considered as such declaration ; and

(B) If the tax shown on the return (reduced by the credits under sections 32 and 35) is greater than the estimated tax shown in a declaration previously made, or in the last amendment thereof, such return shall, for the purposes of this chapter, be considered as the amendment of the declaration permitted by paragraph (2) to be filed on or before such January 15.

filing such declaration, when amendments of a declaration may be filed, and the effect of filing a completed return of income on or before January 15 of the succeeding taxable year. Section 294 [2] of the 1939 Code provides that there shall be added to the tax certain "additions" for failure to make and file a declaration of estimated tax within the time prescribed unless such failure is shown "to be due to reasonable cause and not to willful neglect."

Petitioners contend that their failure to file the prescribed declaration was due to reasonable cause and not to willful neglect. The respondent determined otherwise, which places the burden of proof upon the petitioners.

Petitioner John Adrian Cooper appeared *pro se* and testified that prior to 1936 he was in business for himself; that he did not do so well; that in 1936 he went to work as a building superintendent for the Forcum-James Company at $36 a week; that in 1940 he made a deal with them whereby they would furnish all of the capital and equipment and he would perform the supervising, and at the end of the year, if there was any profit, he would receive 40 per cent of it, with the understanding that his part of any loss was also 40 per cent; that under this arrangement he made money in some of the years and in some of the years he lost money; that in 1950 he received no money until December 19, 1950, when he received $32,249.83 and another $5,000 on January 10, 1951; that up to December 19 he had spent about $5,000 of his own money for traveling expenses and hotel bills; that during 1950 he had supervised seven different jobs, some of which resulted in a profit and some in a loss; that at the time he was supposed to have filed the declaration on March 15, he had spent around $2,500 of his own money and had not received one cent from the company; that as far as he knew he had not earned any money; that by June he had spent more for traveling and hotel bills and had not received anything from the company and did not know whether or not he was going to get anything; and that the same situation existed on September 30, 1950.

---

[2] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

(d) ESTIMATED TAX.—

(1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.—

(A) Failure to File Declaration.—In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.

We think the evidence offered by petitioner falls short of overcoming the prima facie correctness of the respondent's determination. In the first place, we do not know whether the "deal" petitioner made with the Forcum-James Company in 1940 was in writing or oral. We do not know how the profits or losses on the various contracts were determined. If all the contracts had resulted in an over-all net loss instead of an over-all net gain, we do not know whether petitioner would have been called upon to pay the Forcum-James Company 40 per cent of such net loss out of his own funds. We are left uninformed as to when the seven contracts which petitioner supervised during 1950 were completed. No evidence has been offered as to which of the seven contracts resulted in losses and which ones resulted in gains or the amounts of such gains and losses. Section 58 (a) requires every individual to make a declaration if his gross income either from wages or from sources other than wages "can reasonably be expected to exceed" the small amounts set out in the statute. It may well be that either before March 2, June 2, or September 2, 1950, 1 or more of the 7 contracts showing a profit may have been completed, in which event it seems petitioner could "reasonably be expected" to receive his 40 per cent, and if such 40 per cent be in excess of the small amounts set out in section 58 (a), petitioner would be required to make a declaration of his estimated tax either on March 15, June 15 or September 15, and if later contracts resulted in losses amendments of a former declaration were provided for by section 58 (d) (2).

Furthermore, based upon his prior gross income in 1948 and 1949 of $22,371.43 and $46,966.69, respectively, together with his long experience in the construction business, petitioner should reasonably have known that he would realize substantial income. Whether petitioner was informed by the company upon completion of a contract that a profit or loss resulted is immaterial. It was petitioner's responsibility to seek the required information from the company. Had he done so he would have known during the year whether he was earning or losing money and whether it could reasonably be expected that his gross income for the year would exceed the amounts set out in section 58 (a) of the statute. Because petitioner did not feel obligated to secure such information in order to comply with the law clearly cannot now be used as an excuse for his failure to comply. To excuse such conduct would penalize businessmen who conscientiously seek the necessary information to file the required declaration of estimated tax. In any event, petitioner's contention that he did not know until the end of 1950 whether he had earned any income does not demonstrate "reasonable cause" for failure to file a declaration that is mandatory by law.

Petitioner was no doubt under the impression that if he filed his completed return by January 15 of the succeeding taxable year and paid the tax shown thereon to be due no declaration of estimated tax as such need be filed. This would be true only if the requirements of section 58 (a) were met for the first time after September 1 of the taxable year. See sec. 58 (d) (3) (A). Petitioner has not shown that the requirements of section 58 (a) were not met before September 2 of the taxable year.

We hold that the addition to tax for failure to file a declaration of estimated tax for the year 1950 was correctly determined by respondent. *Rene R. Bouche*, 18 T. C. 144, taxpayer's appeal to C. A. 2 dismissed (nol-pros.). Cf. *Sidney V. LeVine*, 24 T. C. 147, 157; *Walter M. Joyce*, 25 T. C. 13; *Howard M. Fischer*, 25 T. C. 102.

*Decision will be entered for the respondent.*