Max Marks and Beatrice Marks, Husband & Wife v. Commissioner.
Marks v. Commissioner
Docket No. 60241.
United States Tax Court
T.C. Memo 1959-79; 1959 Tax Ct. Memo LEXIS 168; 18 T.C.M. (CCH) 386; T.C.M. (RIA) 59079; April 24, 1959
Max Marks, pro se, 45 Nottinghill Road. Brighton, Mass. Chester M. Howe, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion In this case respondent determined a deficiency in the Federal income tax of petitioners for the year 1952 in the amount of 10 cents. This deficiency is not here at issue. For the years 1952 and 1953 respondent determined additions to tax under sections 294(d)(1)(A) and 294(d)(2), Internal Revenue Code of 1939, in the respective total amounts of $347.29 and $216.87. These additions to tax are here in issue. Findings of Fact A stipulation of facts has been filed herein by the parties. We find the facts to *169 be as stipulated. That stipulation reads as follows: "1. The petitioners are Max Marks and Beatrice Marks, husband and wife, formerly of 45 Nottinghill Road, Brighton 35, Massachusetts, now residing at 47 Broken Tree Road, Newton, Massachusetts. Petitioners filed their joint income tax returns for the periods involved with the Director for the District of Massachusetts. "2. The petitioners claimed dependency credits for the taxable years 1951, 1952 and 1953 for their two children and the mother of the male petitioner. "3. All of the petitioners' income was earned by Max Marks, Beatrice Marks being a housewife. The tax returns were prepared by Max and signed by both petitioners. "4. The petitioners did not file declarations of estimated tax returns for the taxable years 1952 and 1953. "5. The petitioners filed completed income tax returns for the taxable years 1952 and 1953 in March of 1953 and 1954, respectively. "6. The petitioners had filed declarations of estimated tax returns for some of the years prior to 1952 and 1953. "7. During the taxable year 1951, the petitioners had gross income of $11,205.00, net income of $8,064.00, and paid an income tax of $830.54. *170 "8. During the taxable year 1952, the petitioners reported gross income of $18,980.00, net income of $14,303.75 and showed an income tax of $2,830.00 on their joint income tax return. Included in the gross income of petitioners for the taxable year 1952 was $9,060.00 received on October 2, 1952, as a fee in a tort action. "9. During the taxable year 1953, petitioners had gross income of $11,179.00 and net income of $6,523.20. Petitioners showed an income tax liability of $784.38 on their joint income tax return for 1953. "10. Petitioner Max Marks is now and has been for twenty years a practicing attorney." Based upon the testimony of petitioner Max Marks, we make the following additional findings of fact: Max was employed in the tort action referred to in the stipulation at the end of 1951 or the beginning of 1952. Petitioners did not file declarations of estimated tax for the years 1952 and 1953 because Max did not feel that it was necessary to file such declarations if he filed Federal income tax returns for those years "in due time." Max formed this erroneous opinion as a result of "discussing this matter with men that [he] knew that were doing accounting work and tax *171 work and accountants * * *." Opinion KERN, Judge: The first question to be decided herein is whether the failure of petitioners to file declarations of estimated tax for the taxable years was "due to reasonable cause and not to willful neglect." To be relieved from the additions to tax provided by section 294(d)(1)(A), Internal Revenue Code of 1939, it is necessary for petitioners to prove not only an absence of willful neglect but also the existence of a reasonable cause for their failure to file such declarations. That petitioners had a mistaken belief, however honest, that there was no necessity for them to file such declarations is not a reasonable cause for their failure to file them. Howard M. Fischer, 25 T.C. 102. See also P. Dougherty Co., 5 T.C. 791, 800, affd. 159 Fed. (2d) 269; West Side Tennis Club, 39 B.T.A. 149, affd. 111 Fed. (2d) 6. Their belief must not only be an honest one but must also be based on reasonable grounds. In this case the ground upon which the petitioner Max based his belief was not advice given to him on this specific problem by a person qualified to give advice on tax matters, *172 with whom he had consulted professionally, but was vague "information" picked up in discussions with unidentified "men * * * doing accounting work and tax work and accountants * * *." In our opinion this belief was not based on reasonable grounds and did not constitute a reasonable cause for petitioners' failure to file the declarations here involved. The second question relates to petitioners' argument that it is not "lawful, proper or just to impose penalties" under both sections 294(d)(1)(A) and 294(d)(2). We decide this question in favor of respondent. See Herbert Schellenbarg, 31 T.C. - (March 31, 1959), and cases therein cited. Petitioners' other arguments are stated in their brief as follows: "The most that was required of the petitioners, so far as the estimated tax return for the year 1952, was to file an estimate based on the tax for the prior year, 1951, which tax amounted to $830.54. "If any penalty could rightfully be imposed under section 294(d)(1)(A) or section 294(d)(2) it should be computed for the taxable year on the amount of the previous year (1951) tax of $830.54, and not on the amount of tax actually due on the actual 1952 income, so far as the taxable *173 year of 1952 is concerned. "So far as the taxable year 1952 is concerned, the petitioner, Max Marks, had a fee of $9,060.00, in a tort case of October 2, 1952. Certainly for the first three quarters of 1952 the petitioners' income and taxes were not in excess of the previous year, 1951, and if a penalty was proper and legal under section 294(d)(1)(A) or section 294(d)(2) the computation of the penalty should have been for the first three quarters of 1952 based on 1951 income, and not on actual income or tax of 1952." In view of the provisions of section 294(d)(1)(A), [1] these arguments are without merit. *174 Decision will be entered for the respondent. Footnotes
1. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. (d) Estimated Tax. - (1) Failure to File Declaration or Pay Installment of Estimated Tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.↩