Glynn N. C. Jones v. Commissioner.
Jones v. Commissioner
Docket No. 65060.
United States Tax Court
T.C. Memo 1959-98; 1959 Tax Ct. Memo LEXIS 145; 18 T.C.M. (CCH) 440; T.C.M. (RIA) 59098; May 19, 1959
Glynn N. C. Jones, pro se, Birmingham, Ala. Homer F. Benson, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax, and additions to income tax under section 294 of the Internal Revenue Code of 1939 for the calendar years *146 1953 and 1954 [1] as follows: Additions to the Tax
Sec.
Sec.
Year
Deficiency
294(d)(1)(A)
294(d)(2)
1953
$ 992.24
$434.23
$289.47
1954
2,093.58
908.39
605.58
The issues for decision are whether the respondent erred in disallowing two exemptions claimed in the 1954 return, whether the respondent erred in disallowing certain deductions claimed in the 1953 and 1954 returns, and whether the respondent erred in determining additions to the tax under section 294(d) of the Internal Revenue Code of 1939 for the years 1953 and 1954. Findings of Fact Petitioner is an individual residing in Montgomery, Alabama. He and his then wife, Iryne Jones, filed joint income tax returns for the calendar years 1953 and 1954 with the director of internal revenue in *147 Birmingham, Alabama. Iryne obtained a divorce from petitioner on or about July 19, 1955, and is not a party [2] to this proceeding. On the joint return for 1954, exemptions were claimed, one each for petitioner, Iryne, their daughter Rose, their son Douglas, and Iryne's mother, Cynthia Darnell. The respondent disallowed the exemptions claimed for Douglas and Cynthia. During the years 1953 and 1954, petitioner, as an individual proprietor, conducted an insulating and weatherstripping business in Montgomery, Alabama, under the name of the Glynn Jones Company. He reported gross sales from this business in 1953 and 1954 of $171,853.20 and $262,266.25, respectively. The respondent, in determining the deficiency for 1953, disallowed certain deductions claimed by petitioner, only four of which petitioner has contested. The contested items are as follows: Legal fees
$ 112.88
Personal entertainment
150.00
Depreciation
2,194.56
Personal automobile expense
240.00
The legal *148 fees of $112.88 were paid in connection with petitioner's business and constituted an ordinary and necessary business expense. The disallowance of $150 for personal entertainment represented the disallowance by the respondent of a part of $313.14 deducted on the return as entertainment expense. The respondent determined that $150 of the $313.14 represented the cost of meals consumed by petitioner and represented a personal rather than a business expense. On the return for 1953, petitioner deducted as depreciation $2,798.83 on a Rolls Royce automobile and $235.38 on a Plymouth. The respondent allowed $839.65 on the Rolls Royce and nothing on the Plymouth. The respondent now concedes that he should have allowed depreciation of $2,239.07 on the Rolls Royce. In determining the deficiency for 1954, the respondent disallowed certain deductions claimed by petitioner, only three of which petitioner has contested. The contested items are as follows: Personal automobile expense
$ 240.00
Depreciation
2,349.45
Personal entertainment
150.00
One-half of the so-called personal automobile expense of $240 disallowed in each of the years 1953 and 1954 represented amounts *149 paid out of petitioner's pocket for repairing automobiles used in connection with petitioner's business and constituted ordinary and necessary business expenses. On the return for 1954, petitioner deducted as depreciation $2,798.83 on a Rolls Royce, $287.69 on a Plymouth, and $102.58 on a Buick. The respondent allowed $839.65 on the Rolls Royce and nothing on the other two automobiles. The respondent now concedes that he should have allowed depreciation of $2,239.07 on the Rolls Royce. The disallowance of $150 for personal entertainment represented the disallowance by the respondent of a part of $360.36 deducted on the return as entertainment expense. The respondent determined that $150 of the $360.36 represented the cost of meals consumed by petitioner and represented a personal rather than a business expense. Petitioner failed to file a declaration of estimated tax for each of the years 1953 and 1954 as required by section 58 of the Internal Revenue Code of 1939. The joint income tax returns for 1953 and 1954 had been prepared by W. T. Griffin of Montgomery, Alabama. Petitioner's failure to file such declarations of estimated tax was not due to reasonable cause. Opinion *150 Petitioner offered no evidence in support of the exemptions claimed in the 1954 return for his son Douglas and his mother-in-law. We must therefore sustain the respondent's determination in that regard. We have found as a fact that the deductions claimed for legal fees of $112.88 in 1953 and one-half of the deductions claimed for automobile expense of $240 in each of the years 1953 and 1954 constituted ordinary and necessary business expenses. We hold these amounts are deductible as such. Petitioner has not shown that he is entitled to deduct that part of the entertainment expense disallowed by the respondent in each of the years 1953 and 1954. Neither has petitioner shown that he is entitled to any deduction for depreciation of the Plymouth and Buick automobiles disallowed by the respondent. As to the Rolls Royce, the respondent has conceded that for each of the years 1953 and 1954 petitioner is entitled to deduct as depreciation $2,239.07 instead of the amount of $839.65 allowed in his notice of deficiency. Under section 58 of the Internal Revenue Code of 1939, petitioner was required to file, on or before March 15, 1953, and 1954, declarations of estimated tax for those years. *151 John Adrian Cooper, 25 T.C. 894. He did not do so. Section 294(d)(1)(A) of the Internal Revenue Code of 1939 provides that "In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax" certain specified percentages of the tax. The question here is whether petitioner has shown that such failure to file was "due to reasonable cause and not to willful neglect." Petitioner appeared pro se and testified regarding this issue as follows: "THE COURT: Now, what about the matter of failing to file an estimate? "THE WITNESS: Judge, we started this business at a time of the year when January came around, and March came around, we filed, and we paid through the years, and I thought we were doing the right thing. I was paying it, and I was perfectly innocent in it. I didn't mean to do anything wrong, and I would please ask the Court to waive that. I don't feel like I did anything wrong. I certainly didn't do it intentionally. "THE COURT: Did you pay your tax quarterly? "THE WITNESS: *152 We paid out taxes - no, we paid our taxes at the end of the year, Judge, like they come due in March and we just took the thing and paid it. We didn't try to run out and not pay the tax. I just didn't know a thing about filing the thing, and I thought I was just doing fine. I got behind with my tax one time. I might also add that I was talked into running for Mayor in Montgomery in 1951, and while I was running, I was audited by the Government with four men, and they stayed several months in my office, and they returned us a sum of money and congratulated my auditor on his ability as a bookkeeper. They didn't say anything about it. We had a spot check by several men after that and they never said anything about it." In addition to the above testimony, it is noted from the joint income tax returns filed for 1953 and 1954 that petitioner obtained an extension to June 15, 1954, to file the 1953 return and an extension to July 15, 1955, to file the 1954 return. The returns were actually filed on June 15, 1954, and July 8, 1955, respectively. It is also noted from these returns that W. T. Griffin signed the returns as being the person, other than the taxpayer, who prepared the returns. *153 The record does not show who Griffin was or to what extent petitioner relied upon him or whether he ever advised petitioner regarding the necessity for filing declarations of estimated tax. Declarations of estimated tax have been required ever since the enactment of the Current Tax Payment Act of 1943, effective for taxable years beginning after December 31, 1942. See section 5(a) of that Act. We gather from petitioner's testimony quoted above that petitioner's reasons or excuses for not filing the declarations for the years in question were that he did not know such declarations were required, that he was under the impression that all that was necessary was to file the completed return at the end of each taxable year, and that no one, including the revenue agents, ever told him anything to the contrary. Such reasons or excuses do not constitute reasonable cause for failure to file the required declarations. John Adrian Cooper, supra; John T. Potter, 27 T.C. 200, 216; Walter H. Kaltreider, 28 T.C. 121, 126, affd. 255 Fed. (2d) 833 (C.A. 3); Harold C. Marbut, 28 T.C. 687. In the Marbut case, we said in part, at p. 690: *154 "Petitioners * * * contend that it was the policy of the respondent's office not to enforce the provision requiring the filing of declarations of estimated tax. Petitioner Harold C. Marbut argues that the fact that the respondent made no additions to the tax for failure to file for the years 1947, 1948, and 1949 serves to confirm his impression of respondent's policy, and he was strengthened in his belief by what he was told by the accountant Johnson that he did not think petitioner would be in any serious difficulty if he failed to file the declarations. * * * Neither do we think that any impression petitioners may have received either from respondent's action regarding earlier years or petitioner Harold C. Marbut's talk with Johnson in regard to any unproven policy the respondent's office may have had in regard to the enforcement of the provision requiring the filing of declarations of estimated tax by individuals would constitute reasonable cause for failure of petitioners to file the required returns. Walter M. Joyce, 25 T.C. 13, 15; Howard M. Fischer, 25 T.C. 102; A. Raymond Jones, 25 T.C. 1100; Coates v. Commissioner, (C.A. 8, 1956) 234 Fed. (2d) 459. *155 * * *" We are of the opinion and have so found as a fact that petitioner had no reasonable cause for his failure to file declarations of estimated tax for the years 1953 and 1954, and that the additions under section 294(d)(1)(A) are in order. Section 294(d)(2) of the Internal Revenue Code of 1939 provides in part that "If 80 per centum of the tax * * * in the case of individuals * * * exceeds the estimated tax * * *, there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser." If there has been a substantial understimation, the addition to the tax under section 294(d)(2) is mandatory. Section 39.294-1(b)(3)(a) of Regulations 118 provides that "In the event of a failure to file the required declaration, the amount of the estimated tax for the purposes of this provision is zero." Since petitioner failed to file the required declarations, it follows that the underestimation here is the difference between the correct tax liability and zero which, for the years here involved, is substantial. We hold that the additions under section 294(d)(2) are *156 mandatory. G. E. Fuller, 20 T.C. 308, 316; Harry Hartley, 23 T.C. 353, 360; Herbert Schellenbarg, 31 T.C. 1269 (Mar. 31, 1959); Walter H. Kaltreider, supra. We, therefore, sustain the respondent's determination under section 294(d) except insofar as such additions are automatically changed in the recomputation of the deficiencies. Decision will be entered under Rule 50. Footnotes
1. Although the income tax liability for 1954 is governed by the Internal Revenue Code of 1954 (see sec. 7851(a)(1)(A) thereof), the "additions" to the income tax for 1954 for failure to file a declaration of estimated tax and for the substantial underestimation thereof are governed by the Internal Revenue Code of 1939. See secs. 6015(i) and 6654(h), I.R.C. 1954↩.
2. See motion to correct caption of petition to read "Glynn N. C. Jones, petitioner" filed November 4, 1957, and granted November 6, 1957, and an order of this Court dated January 29, 1959.↩