James E. Johnson and Susanna E. Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 64338. TC Memo. 1959-226.
United States Tax Court
T.C. Memo 1959-226; 1959 Tax Ct. Memo LEXIS 24; 18 T.C.M. (CCH) 1098; T.C.M. (RIA) 59226; November 30, 1959
*24 1. Petitioners had adjusted gross income in the amount of $20,164.39 for the year 1953 and reported that amount of income on their joint return for that year. They filed no declaration of estimated tax for 1953 and paid no installments of estimated tax. The Commissioner determined an addition to tax under section 294(d)(1)(A), I.R.C. 1939, for failure to file declaration of estimated tax. Held, the provisions of the Internal Revenue Code of 1939 requiring petitioners to file a declaration of estimated tax for 1953 are constitutional. Held, further, petitioners have not shown reasonable cause for failure to file a declaration of estimated tax for 1953 and the Commissioner is sustained in his determination of an addition to tax under section 294(d)(1)(A). 2. As stated under headnote (1) above, petitioners filed no declaration of estimated tax for 1953. Held, the Commissioner was without legal authority to determine additions to tax under section 294(d)(2), I.R.C. 1939. Commissioner v. Acker, U.S. , decided November 16, 1959. James E. Johnson, pro se, Mermaid Avenue, Beachwood, N.J. Paul D. Ritter, Esq., for the respondent. BLACK
Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies in additions to tax, I.R.C. 1939, against petitioners for the year 1953 as follows: Additions to Tax
Sec. 294
Sec. 294
Year
Tax
(d)(2)
(d)(1)(A)
1953
None
$267.27
$400.90
Petitioners contest this determination of the Commissioner by appropriate assignments of error. Findings of Fact Petitioners are husband and wife with residence at Beachwood, New Jersey. They filed their joint individual income tax return for the year 1953 with the district director of internal revenue at Camden, New Jersey. During the taxable year 1953 the petitioners were labor contractors and were partners in the lumber business, operating the Johnson *26 Lumber Co. as a partnership. The ordinary net income of the Johnson Lumber Co. for the taxable year 1953 was $11,095.08. Petitioners' distributive share of partnership income from the Johnson Lumber Co. for the taxable year 1953 was $5,547.54 each. A net long-term capital gain in the amount of $11,332.66 was realized by the partnership during the taxable year 1953 from the sale of partnership assets. Petitioners' share of this net long-term gain realized by the partnership was $5,666.33 each. James also received $2,240.37 income during the taxable year 1953 from the operation of a business as a labor contractor under the business name of James E. Johnson. Susanna also received $1,162.57 income during the taxable year 1953 from the operation of a business as a labor contractor under the business name of Susanna E. Johnson. A joint individual income tax return for the taxable year 1953 was filed by petitioners with the district director of internal revenue, Camden, New Jersey, on March 15, 1954, showing petitioners' adjusted gross income in the amount of $20,164.35 for the year 1953. Petitioners failed to file a declaration of estimated tax for the taxable year 1953, and *27 they failed to make any payment of estimated tax for said year. Petitioners received income in the amount of $12,392.95 from the operation of their lumber business in the taxable year 1951 and for the year 1952 they received income in the amount of $18,171.88 from the operation of said business. James filed a declaration of estimated tax for the taxable year 1952, reporting estimated income tax for that year of $400. Petitioners were required to file a declaration of estimated tax for the taxable year 1953 and their failure to file such declaration of estimated tax was not due to reasonable cause. Opinion BLACK, Judge: Petitioners in their joint return reported all of their income for taxation and paid tax thereon. The Commissioner does not contend otherwise. The petitioners, however, filed no declaration of estimated tax and contend, among other things, that Congress was without any constitutional authority to enact a law compelling a taxpayer to file a declaration of estimated tax and impose addition to tax for failure to file such a declaration. Petitioners were partners engaged in the operation of a lumber business. They were required to file a declaration of estimated *28 tax for the year 1953 because their income for 1953 was greatly in excess of the amount of income which would require them to file a declaration of estimated tax. Petitioners could reasonably have expected such income because their income for the 2 years immediately prior to 1953 was also greatly in excess of the statutory requirement for filing a declaration of estimated tax. James appeared for petitioners at the hearing of this proceeding. He has not filed any brief but his contentions made in an oral statement at the trial have been carefully considered. Petitioners' first contention is that the addition to tax of $400.90 which the Commissioner has determined under section 294(d)(1)(A) was erroneous because the provision of the 1939 Code requiring the filing of a declaration of estimated tax is unconstitutional. Section 58(a)(2), 1939 Code, states that every individual shall make a declaration of estimated tax for the taxable year if he can reasonably be expected to have gross income of more than $100 from sources other than wages subject to withholding, and total gross income of $600 or more. Section 58(d) states that the required declaration of estimated tax shall be filed *29 on or before March 15 of the taxable year, with exceptions if the requirements for filing are met subsequent to March 15. Petitioners received income from the operation of their lumber business in 1951 and 1952 which greatly exceeded the minimum requirements for filing a declaration of estimated tax. There is nothing in the record to indicate that petitioners could have expected a material change in income for the taxable year 1953, and the amount of income actually received by the petitioners in 1953 was greatly in excess of the requirements for filing a declaration of estimated tax. On the basis of their prior record of income and the continued operation of their business during 1953, petitioners could reasonably have expected to receive gross income from sources other than wages in excess of $100 and gross income of $600 or more. John Adrian Cooper, 25 T.C. 894 (1956). Petitioners, therefore, were required to file a declaration of estimated tax for 1953 and to pay the estimated tax due. With respect to petitioners' contention that Congress was without constitutional power to compel petitioners to file a declaration of estimated tax and thus make a prophecy of income *30 which they were to receive in 1953, that contention has been decided against petitioners in numerous cases. In Acker v. Commissioner, 258 F. 2d 568, the United States Court of Appeals for the Sixth Circuit affirmed a Memorandum Opinion of this Court [16 TCM 89; TC Memo. 1957-17] which had upheld the Commissioner in the addition to the tax because the taxpayer had failed to file a declaration of estimated tax. In affirming us on that point the Sixth Circuit said: "Since petitioner makes no attempt to establish the statutory excuse, the Tax Court correctly applied the statute in sustaining imposition of the additions to tax under § 294(d)(1)(A) for failure to file the declarations of estimated tax. And we hold with the Tax Court that petitioner's attack upon the constitutionality of the provisions of the Internal Revenue Code of 1939 requiring the filing of a declaration of estimated tax, and imposing penalties for failure to file, is 'wholly without merit.' Such requirements are a valid exercise of the taxing power conferred by Article 1, § 8, and the Sixteenth Amendment of the Constitution." [Citing authorities.] We, therefore, hold *31 against petitioners' contention that the provisions of the 1939 Code which compel a taxpayer to file a declaration of estimated tax are unconstitutional. Petitioners next contend that there was reasonable cause for their failure to file a declaration of estimated tax for 1953. The burden of proof is on petitioners to show that their failure to file a declaration of estimated tax for 1953 was due to reasonable cause. It is clear that under our Findings of Fact petitioners have not proved any reasonable cause for failure to file a declaration of estimated tax for the year 1953. See Walter M. Joyce, 25 T.C. 13, and Andre Picard, 28 T.C. 955. The Commissioner's determination of $400.90 addition to tax under section 294(d)(1)(A) is, therefore, sustained. As has already been stated, the Commissioner in his deficiency notice also determined an addition to tax under section 294(d)(2) of $267.27. Section 294(d)(2) of the 1939 Code provides for an addition to tax in the case of a taxpayer who makes a substantial underestimate of estimated tax and Regulations 111, section 29.294-1(b)(3)(A) states that in the event of a failure to file the required declaration the *32 amount of the estimated tax for the purpose of making additions to tax for underestimating shall be zero. Petitioners assail the correctness of the Commissioner's determination of addition to tax under section 294(d)(2) of $267.27. The Supreme Court of the United States recently held in Commissioner v. Acker, - U.S. - (November 16, 1959) that section 294(d)(2) does not authorize the treatment of a taxpayer's failure to file a declaration of estimated tax as the equivalent of a declaration estimating his tax to be zero, and that section 29.294-1(b)(3)(A) of Treasury Regulations 111, stating that in the event of failure to file the required declaration the amount of the estimated tax for the purpose of section 294(d)(2) is zero, is, therefore, invalid. In view of the Supreme Court's decision in Commissioner v. Acker, supra, we hold that the Commissioner was without legal authority to determine against petitioners, $267.27 addition to tax under section 294(d)(2). The respondent, in his brief, states: "If the Court determines that an addition should be made to petitioners' 1953 income tax in an amount other than $668.17, decision should be entered under *33 Rule 50." As will be seen from a reading of our report herein, we have held that only an addition to tax of $400.90 under section 294(d)(1)(A) should be sustained and that respondent's addition to tax of $267.27 under section 294(d)(2) is not sustained. Therefore, Decision will be entered under Rule 50.