Bernard Miller and Shirley B. Miller, Husband and Wife v. Commissioner.
Miller v. Commissioner
Docket No. 61194.
United States Tax Court
T.C. Memo 1959-228; 1959 Tax Ct. Memo LEXIS 26; 18 T.C.M. (CCH) 1108; T.C.M. (RIA) 59228; November 30, 1959
Bernard Miller, pro se, 137 Russell Rd., West Newton, Mass. Chester M. Howe, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in additions to tax as follows: Additions to tax - I.R.C. 1939
Sec.
Sec.
Year
294(d)(1)(A)
294(d)(2)
1952
$173.41
$115.60 The issues are (1) whether petitioners' failure to file a declaration of estimated tax was due to reasonable cause and not willful neglect; (2) whether an addition to tax may be imposed by section 294(d)(2), I.R.C. 1939, when no declaration of estimated tax is filed. Findings of Fact All of the facts were stipulated. They are hereby found. Bernard Miller, hereafter called petitioner, and Shirley B. Miller, husband *27 and wife, reside in West Newton, Massachusetts. They filed a joint income tax return for the year 1952 with the director of internal revenue for the district of Massachusetts. They failed to file declarations of estimated tax for the year 1952. Petitioner graduated from high school and had an education equivalent to 2 years of college. He specialized in mechanical engineering. Petitioner's occupation was a machinist. In 1946, he established a machine shop business. The nature of the business was subcontracting machine shop work. Petitioner performed work on metal working machines. He personally attended to all aspects of the business including the soliciting, acceptance and performance of work or orders. During 1952, petitioners had at least one part-time and two full-time employees. Petitioners, as employers, complied with the requirements respecting withholding taxes on wages. From 1946 through 1952, petitioner's records indicated the following income from wages, gross receipts and net income (or loss) from business, and income taxes paid: Net income
Income
Gross receipts
(or loss)
Income
Year
from wages
from business
from business
taxes paid
1946
$2,530
$ 290
$ (127)
$ 54
1947
None
2,253
763
None
1948
None
5,494
1,102
None
1949
1,047
6,235
547
None
1950
3,826
3,533
74
4
1951
1,151
13,508
4,549
753
1952
None
25,813
10,872
2,007
*28 The increase in petitioner's business income in 1951 was related to the Korean conflict. At that time machine shop services were in demand. Petitioner's business income in 1952 was related to the continuation of the Korean conflict. Petitioner earned most of his income from subcontracting. He performed work for industrial firms that had contracts from the Department of Defense. In 1952, petitioner worked a minimum of 60 hours per week in his machine shop. Petitioners did not rely upon or seek professional advice in the preparation of their income tax returns for the years 1946 through 1952. Petitioners received a booklet from the collector of internal revenue to aid them in the preparation of their 1950 income tax return. This booklet described the requirements for filing a declaration of estimated tax in substantially the same language as section 58(a), I.R.C. 1939. From January 1953 to March 1953, petitioners spent approximately 100 hours at home after regular working hours in the preparation of their income tax return for 1952. Their income tax return was accepted as filed. Petitioners' failure to file a declaration of estimated tax for 1952 was not due to reasonable *29 cause. Opinion With respect to section 294(d)(1)(A), respondent's determination must be approved. The record is devoid of any showing of reasonable cause that could justify the failure to file a declaration of estimated tax. See Walter M. Joyce, 25 T.C. 13, 15. Petitioners did not testify and there is no direct statement by them as to the cause of their failure. We cannot accept their contention made only on brief that their 1952 income was "speculative and uncertain" due to the Korean conflict. During the taxable year, and certainly between December 31, 1952 and January 15, 1953, petitioners must have known, or with reasonable diligence could have ascertained, that they had received over $100 in gross income not subject to withholding and that their total gross income exceeded $600. Howard M. Fischer, 25 T.C. 102, 105. If they had filed a timely declaration and even if it developed that they were mistaken in their estimate, the alternative procedure of filing an amended declaration was always available. Equally untenable is the argument that because of petitioners' "record of business activity and income in the period 1946-1951 he did not expect *30 to receive income subject to advance tax payments." It is immaterial for our purposes whether, during 1947 through 1951, petitioners may not have filed declarations, and apparently were not penalized. There is no suggestion that they were advised not to file, and respondent's mere inaction cannot mitigate the circumstances existing in 1952, the year in controversy. The remaining issue, namely, the concurrent imposition of additions to tax under sections 294(d)(1)(A) and 294(d)(2), where no return has been filed without adequate excuse, is concededly indistinguishable from that raised in Commissioner v. Acker, - U.S. - (Nov. 16, 1959). Accordingly, respondent's determination of the section 294(d)(2) addition to tax is disapproved. Decision will be entered under Rule 50.