WILLIAM M. ROBERTS AND GERRI L. ROBERTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberts v. Commissioner
Docket No. 20363-82.
United States Tax Court
T.C. Memo 1986-11; 1986 Tax Ct. Memo LEXIS 599; 51 T.C.M. (CCH) 257; T.C.M. (RIA) 86011; January 9, 1986. William M. Roberts, *600 pro se. Walter T. Thompson, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in petitioners' Federal income tax of $3,588.00 for the taxable year 1979. The issues are: (1) whether petitioner, William M. Roberts, realized a loss upon the transfer of his interest in certain properties pursuant to a divorce decree; (2) whether petitioners are entitled to a deduction and, if so, the amount thereof for depreciation on rental properties; and (3) whether petitioners are entitled to miscellaneous deductions and, if so, the amount thereof for certain expenses paid in connection with rental properties. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by reference. Petitioners, William M. Roberts and Gerri L. Roberts, husband and wife, resided in Wilcox, Arizona, at the time of the filing of their petition. They filed a joint income tax return for the taxable year 1979 with the Internal Revenue Service at Ogden, Utah. Prior to his marriage to Gerri L. Roberts, William M. Roberts ("William") was *601 married to Lana L. Roberts ("Lana"). He and Lana were divorced in September 1979 by a decree entered by the Superior Court of Maricopa County, Arizona. The divorce decree incorporated a property settlement agreement ("Agreement") which provided for an "equitable division and partition of [their] community [1] and joint property" described generally in the agreement as the Haskell Apartments, the Biddle Street Apartments, the Desert Breeze Motel, and the Diehl Properties (containing a laundromat and two apartments). Pursuant to the Agreement, the Haskell Apartments and the Biddle Street Apartments were deeded to William as his separate property and the Desert Breeze Motel and the Diehl Properties were deeded to Lana as her separate property. Each of them covenanted to be separately responsible for all liens, encumbrances, assessments and taxes on his or her separate property. William and Lana also agreed that they each owned one-half of the laundromat business located in the Diehl Properties. William, however, transferred all his right, title and interest in the business to Lana in lieu of any claim she might have against him for child support for their two minor daughters and *602 Lana assumed and agreed to pay a $10,000 debt which they jointly owed to his parents. She also agreed to secure this debt with a second mortgage on the Diehl Properties. The Desert Breeze Motel had been purchased by William and Lana in 1975 for $115,000, of which $25,000 was paid in cash with the balance being represented by two mortgages totaling $90,000. William testified that the Haskell Apartments and the Biddle Street Apartments were purchased by them in 1975 for approximately $22,000 and $12,000, respectively, and that at the date of purchase the Haskell Apartments was subject to a mortgage of approximately $25,000 and the Biddle Street Apartments was subject to a mortgage of about $5,000 or $6,000. The record contains no evidence as to the cost or the encumbrances, if any, on the Diehl Properties, other than the $10,000 owed to William's parents. Furthermore, no evidence was presented as to *603 the amounts outstanding on any of the mortgages at the time of the divorce or as to the value of the laundromat business or the cost of supporting the two minor daughters until they reacher their majority. On their 1979 income tax return, petitioners claimed a loss in the amount of $14,047 from William's exchange of his interest in the Desert Breeze Motel and the Diehl Properties for Lana's interest in the Haskell Apartments and the Biddle Street Apartments. Petitioners also claimed a depreciation deduction from rental income in the amount of $2,935 computed as follows: Net Amount
Date
Cost or
Salvage or
Eligible For
Description
Acquired
other Basis
Land Value
Depreciation
Biddle Street
Apartments
1975 $13,070
$4,520
$8,550
Haskell Apartments
1975 9,870
970
8,900
New Apartment at
Haskell Apartments
10-1-78
26,000
2,600
23,400
Refrigerators and
Stoves at Haskell
Apartments
2-10-78
2,615
262
1,830
Furniture at
Haskell Apartments
1978 3,251
375
2,876
Depreciation
Business
Allowed in
Method
Useful
Depreciation
Description
Use
Prior Years
Used
Life
for 1979
Biddle Street
Straight
Apartments
100%
$2,185
Line
15
$570
Straight
Haskell Apartments
100%
2,026
Line
15
593
New Apartment at
Haskell Apartments
100%
234
25
936
Refrigerators and
Stoves at Haskell
Straight
Apartments
100%
218
Line
7
261
Furniture at
Straight
Haskell Apartments
100%
1,300
Line
5
575
*604 Additional rental deductions totaling $4,017 were also claimed by petitioners with respect to an automobile, gardening, insurance, interest, repairs, supplies, telephone, taxes and licenses. OPINION Petitioners contend that they realized a loss on the exchange between William and Lana under the Agreement incorporated into the divorce decree and that the loss should be recognized for tax purposes under the law in effect at the time the loss occurred. Petitioners assert that the applicable law is section 1002 [2] and respondent also refers to the same section in his contention that the loss is not recognizable. However, section 1002 as a separate section was repealed by Pub. L. 94-455, sec. 1901(b), 90 Stat. 1764, with respect to taxable years commencing after 1976 and its content was incorporated verbatim into section 1001 as subsection (c). Consequently, the recognition or nonrecognition of a loss on a transaction occurring in 1979, as in this case, is determined by section 1001 [3] of which the pertinent portions provide as follows: (a) COMPUTATION OF GAIN OR LOSS.--The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom *605 over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. (b) AMOUNT REALIZED.--The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. * * * (c) RECOGNITION OF GAIN OR LOSS.--Except as otherwise provided in this subtitle, the entire amount of the gain or loss, determined under this section, on the sale or exchange of property shall be recognized. *606 In any event, the division of community property pursuant to a divorce decree can result in a nontaxable or a taxable exchange. See Carrieres v. Commissioner,64 T.C. 959 (1975), affd. per curiam 552 F.2d 1350 (9th Cir. 1977). If in the division, the whole of certain community assets are set aside to one spouse and the whole of the balance of the community assets are set aside to the other spouse and if the aggregate value of the assets set aside to each spouse is equal to one half the total value of the community property, there is no gain or loss to either spouse. In the event, however, that the division results in the whole of certain assets having a value in excess of one-half the total value of the community property being set aside to one spouse, then that spouse will have a gain and conversely the other a loss unless otherwise provided in the Code. Where, as here, a loss is claimed by one of the spouses and the loss is disallowed by respondent, the burden of proof with respect to the overall value of the community property as well as the value of the respective amounts received by the spouses is on the taxpayer claiming the loss. Welch v. Helvering,290 U.S. 111 (1933). *607 From the record before us we are unable to determine whether an equal or an unequal division of the community property occurred because first no evidence was presented as to the fair market value of the properties at the time of the divorce. Secondly, William testified that all four properties were encumbered by mortgages but failed to establish what amounts were due on the mortgages when the properties were divided. The record also fails to contain any evidence as to the value of the laundromat business or the cost of supporting the two daughters, both of which have to be considered in determining whether there was a gain or loss in this case. Section 1001(b). As a result, from the facts presented, we are unable to make a determination that the aggregate fair market value of the property received by William was less than that received by Lana. Consequently, petitioners have failed to carry their burden of proving that respondent was incorrect in his determination that the division of the property under the Agreement was a nontaxable transaction with no loss being realized by petitioners. Respondent disallowed in its entirety the deduction claimed by petitioners for depreciation *608 of the rental properties. Here again, petitioners have the burden of establishing that respondent's disallowance of the deduction is incorrect and that their deduction of $2,935 is reasonable. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). In this regard, the record does not contain sufficient relevant and competent evidence from which we can find petitioners' cost or other basis in the depreciable assets, the useful life and salvage value of such assets, and the depreciation allowed or allowable in prior years with respect to such assets. Therefore, we are unable to make a specific finding of the exact amount of their depreciation deduction. However, from the record as a whole it is apparent that from January through his divorce from Lana in September of 1979, William was the owner of one-half of all of the rental properties and for the remainder of the year he was the sole owner of the Biddle Street Apartments and the Haskell Apartments. With the knowledge that some depreciation did occur and being satisfied that some deduction should be allowed we, following the principle of Cohan v. Commissioner,39 F.2d 540 (1933), as applied in Joyce v. Commissioner,25 T.C. 13 (1955), *609 and bearing heavily against petitioners, determine that $2,000 is a reasonable allowance for their depreciation deduction in 1979. Petitioners also claimed deductions from rental income totaling $4,017 which are listed as automobile, gardening, insurance, interest, repairs, supplies, telephone, taxes, and licenses. At trial, petitioners merely asserted that the sums were spent for the items listed and offered no evidence which tended to substantiate the amounts or that they were in fact spent or were expended in connection with the rental properties. Petitioners, therefore, have failed to carry their burden of proof that respondent erred in disallowing the deductions. Welch v. Helvering,supra; Rule 142(a). Decision will be entered under Rule 155.
Footnotes
1. Arizona Revised Statutes Annotated, section 25-211 (1976), provides: All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, is the community property of the husband and wife.↩
2. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. The Tax Reform Act of 1984, Pub. L. 98-369, sec. 421, 98 Stat. 793, added section 1041 to the Internal Revenue Code↩. This section [applicable to transfers made after July 18, 1984, in tax years ending after such date] provides that no gain or loss will be recognized on a transfer of property from an individual to a former spouse incident to a divorce.