ANTONIO MARISTELA BACLIT and IMELDA M. BACLIT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baclit v. Commissioner
Docket No. 45840-86
United States Tax Court
T.C. Memo 1989-576; 1989 Tax Ct. Memo LEXIS 562; 58 T.C.M. (CCH) 489; T.C.M. (RIA) 89576; October 26, 1989
Joyce Rebhun, for the petitioners. Roger L. Kave, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By notice of deficiency dated September 3, 1986, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1982 in the amount of $ 5,138.00. Respondent also determined that petitioners were liable for the addition to tax under section 6651(a) (1)[1] in the amount of $ 1,278.50. After concessions, [2] the sole issue for decision is whether petitioners are liable for the section 6651(a)(1) addition to tax for failure to timely file their income tax return for taxable year 1982. *564 FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners resided at Pasadena, California, when they filed their petition. Petitioners moved to the United States on October 15, 1974. During 1982, Mr. Baclit (hereinafter referred to as petitioner), a retired college teacher, sold health care and consumer products. Mrs. Baclit worked as a nurse during that year. Petitioners timely filed joint Federal income tax returns for the taxable years 1974 through 1981, inclusive. Petitioner knew that each return was due on April 15th of the year following the year covered by the return. Petitioners also were aware that the original due date for filing their income tax return for taxable year 1982 was April 15, 1983. In 1982, petitioner met Gary Augustine (Augustine), an insurance salesman, at a seminar presented by Augustine on the financial and tax advantages of direct selling consumer products such as Amway products. Petitioner, who learned of the seminar through a flier placed on the windshield of his car, attended the seminar *565 because he was interested in saving taxes. A few weeks after the seminar, petitioners met with Augustine at their home. At this meeting, Augustine reviewed one of Mrs. Baclit's pay stubs and suggested that she decrease her withholdings in order to take home more money per month. In 1980, petitioners overpaid their income tax by $ 956 and received a refund. Augustine also sold petitioner a life insurance policy and Mrs. Baclit a disability income insurance policy. In December 1982, petitioner called Augustine to hire him to prepare petitioners' 1982 Federal income tax return. Petitioner made no effort to ascertain Augustine's qualifications for preparing tax returns. At the time, petitioners lived in the Pasadena area, and Augustine's office was located in San Diego, California. Augustine indicated to petitioner that the return would be completed by April 15, 1983. Petitioner initially mailed petitioners' tax information to Augustine in December 1982. On several occasions prior to April 15, 1983, petitioner telephoned Augustine to inquire on the progress of petitioners' 1982 tax return. During one of these conversations, Augustine informed petitioner that petitioners could *566 defer the filing of their 1982 return by filing for an extension of time. Petitioners filed for, and received from respondent, extensions of time until November 15, 1983, to file their 1982 return. Augustine engaged American Business Tax Associates (American Business) of San Jose, California, to prepare a 1982 tax return for petitioners. Petitioner telephoned American Business on August 14 and 15, 1983 to check on the progress of petitioners' return. Petitioner sent additional 1982 tax information to Augustine on April 9, 1984. On March 27, 1985, American Business completed a 1982 tax return for petitioners. That return, which petitioners never filed, reflected income tax due in the amount of $ 2,862. Petitioners did not file that return because petitioner felt the tax due was "too high." Petitioner discussed this with American Business, and they informed him that the return was correct based on the information provided them. Petitioner then drove to see Augustine in San Diego and brought him the return prepared by American Business. Petitioner told him that he did not expect to pay "that much tax." Petitioner insisted that Augustine correct the return. Augustine prepared *567 the 1982 tax return that petitioners filed with respondent on September 19, 1985. That return showed a refund of $ 24 due petitioners. OPINION Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to file a return by its due date, as extended. Section 6651(a)(1) also provides for an exception to this addition when the taxpayer shows that the failure to file is due to reasonable cause and not due to willful neglect. Willful neglect has been defined as "a conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985). The regulations provide that a taxpayer's failure to timely file is due to reasonable cause "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time * * *." Sec. 301.6651-1(c)(1), Proced. and Admin. Regs. Petitioners argue that their failure to timely file their 1982 return was due to their reliance on misrepresentations made to them by their financial advisor, Augustine, who, petitioners claim, probably defrauded *568 them. Therefore, they assert, their delay in filing was due to reasonable cause. Respondent, on the other hand, contends that petitioners' failure was not due to reasonable cause. Respondent's determinations are presumed correct, and accordingly, petitioners bear the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). "Merely demonstrating an absence of willful neglect does not meet the burden of proof required of the taxpayer." Paula Construction Co. v. Commissioner, 58 T.C. 1055, 1061 (1972), affd. without opinion 474 F.2d 1345 (5th Cir. 1973). Petitioners' arguments center around their reliance on Augustine. Petitioners argue that they were reasonable in trusting Augustine with the preparation of their tax return. Petitioners further contend that Augustine was a competent tax advisor whom they furnished all necessary information to, and from whom they received incorrect advice. The record in this case, however, does not support petitioners' assertions. Petitioners introduced no evidence concerning Augustine's competence. *569 Nor was there any evidence concerning Augustine's giving petitioners incorrect advice, other than petitioner's vague and uncorroborated testimony regarding Augustine's advice to "defer" petitioners' taxes. Merely relying on a tax advisor to timely prepare and file a return does not constitute reasonable cause. United States v. Boyle, supra at 252. The taxpayers have a nondelegable duty to file a return on time. United States v. Boyle, supra at 249-250. In addition, the negligence of a preparer is not reasonable cause for a failure to timely file. See Laney v. Commissioner, 674 F.2d 342, 350 (5th Cir. 1982), affg. in part, revg. in part on other grounds a Memorandum Opinion of this Court. Moreover, petitioners have failed to prove that they exercised ordinary business care and prudence and were nevertheless unable to file their 1982 return within the prescribed time. Petitioners blindly trusted the preparation of their tax return to Augustine, who they characterize in their brief as a "well-regarded seminar leader." Petitioners *570 did not, however, investigate Augustine's qualifications to prepare Federal tax returns. Nor did they question his advice to "defer" the tax, even though petitioners were aware that returns are generally due on April 15 of the following year. Indeed, petitioners timely filed their Federal income tax returns for taxable years 1974 through 1981. We also note that petitioners further delayed filing their 1982 return simply because they felt that the return prepared by American Business reflected too much tax due. We do not view these actions as reflecting ordinary business care and prudence. Furthermore, we reject petitioners' argument that ignorance of the law may be considered as reasonable cause if other factors are present. Although petitioners do not state these "other factors," we reject this argument because ignorance of the law is not a reasonable cause for purposes of section 6651(a)(1). Estate of Sparling v. Commissioner, 60 T.C. 330, 349 (1973), revd. on other grounds 552 F.2d 1340 (9th Cir. 1977). See also Shomaker v. Commissioner, 38 T.C. 192, 202 (1962); Joyce v. Commissioner, 25 T.C. 13, 15 (1955). *571 We finally reject petitioners' novel argument that petitioners should not be liable for the section 6651(a)(1) addition to tax for failure to timely file because Augustine might be liable for a litany of civil and criminal preparer sanctions including sections 6694(a), 7407(b), and 7216. The thrust of petitioners' argument is that "The Internal Revenue Code and regulations exist to prosecute the fraudulent tax preparers, and they ought not be ignored now in favor of the instant charges against the Taxpayers." This argument is wholly unsupported and contrary to the express provisions of section 6651(a)(1), and therefore, we reject it. After concessions made by both parties, and in light of the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended an in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have each made concessions so that no part of the income tax deficiency remains at issue. Petitioners concede to respondent's adjustments increasing income in the amount of $ 3,207 for Schedule C depreciation and $ 7,235 for Schedule C interest. Petitioners also agree to respondent's disallowance of investment tax credit claimed in the amount of $ 510. Respondent concedes that his adjustment increasing petitioners' income in the amount of $ 1,949 for Schedule C car expense should only be $ 649. Respondent also agrees that petitioners are not liable for self-employment tax under sections 1401 and 1402.↩