BEATRICE M. GUTHRIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES E. GUTHRIE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guthrie v. Commissioner
Docket Nos. 34249-87; 34250-87.
United States Tax Court
T.C. Memo 1989-168; 1989 Tax Ct. Memo LEXIS 171; 57 T.C.M. (CCH) 113; T.C.M. (RIA) 89168; April 17, 1989. Beatrice M. Guthrie, pro se. Donald E. Edwards, for the respondent. GALLOWAY
GALLOWAY, Special Trial Judge: These consolidated cases were heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986, and Rule 180 et seq. [1]
Respondent determined deficiencies in and additions to petitioners' 1984 Federal income *173 tax liabilities as follows: Additions to tax, Secs.
Petitioner
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
6661
Beatrice M.
$ 5,827
$   921.75
$ 291.35
*
$ 198.20
$ 1,456.75
Guthrie
James E.
$ 6,701
$ 1,134.75
$ 335.05
**
$ 251.42
$ 1,675.55
Guthrie
After concessions by both parties,[2] the issues to be decided are: (1) Whether petitioners are entitled to dependency exemption deductions; and (2) whether the additions to tax set forth above have been properly determined. *174 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. When the petitions in these consolidated cases were filed, petitioners James E. Guthrie and Beatrice M. Guthrie, husband and wife, resided in Jennings, Oklahoma. At the outset, we think that a brief overview of the procedural background of these consolidated cases will put our discussion into proper perspective. When the petitions in these cases were filed with this Court on October 19, 1987, each included the following assignments of error and purported allegations of fact: * * * 4. The determination of tax set forth in said statutory notice of deficiency is based upon the following errors: (a) Error in holding that, or proceeding as if, Petitioner is subject to an unapportioned direct tax upon his individual income; * * * 5. The facts upon which the Petitioner relies as a basis of these proceedings are as follows: (a) The deficiency claimed in the Notice of Deficiency is based upon an unconstitutional application of the Internal Revenue Code of 1954, to wit: (1) The Petitioner is a citizen of the United States and *175 a citizen of the State of Oklahoma and earned all of her (his) income from within one of the United States; (2) A general tax on income is and has always been considered as a direct tax; (3) Art. 1, Sec. 2, Cl. 3 and Art. 1, Sec. 9, Cl. 4 of the Constitution of the United States require that all direct taxes be laid according to the rule of apportionment; (4) The Sixteenth Amendment to the Constitution of the United States did not alter the direct taxing clauses of the original Constitution; (5) The individual income tax of the Internal Revenue Code of 1954, as amended, does not conform to the constitutional requirement of apportionment, and is unconstitutional as applied to the Petitioner; * * * On November 16, 1987, respondent filed motions to strike the above assignments of error and allegations in each case, which were granted by the Court in separate orders. On March 2, 1988, respondent filed separate answers with respect to alternative allegations set forth in each petition. In a written stipulation of facts filed at trial, both Mr. and Mrs. Guthrie agreed that they earned wages during 1984 amounting to $ 28,680.96 and $ 26,377. During the trial of these cases, *176 respondent revealed that petitioners are no strangers to tax litigation. On April 21, 1987, James A. Guthrie and Beatrice M. Guthrie as plaintiffs filed a six-count complaint against several defendants, including the local District Director of Internal Revenue, the Chief of Special Procedures, the Chief of Collection Division and various other Internal Revenue Service employees in United States District Court for the Northern District of Oklahoma. That complaint involved tax years not before this Court and included a request for injunctive relief against the collection of assessed income taxes. On August 11, 1988, the United States District Court dismissed plaintiffs' causes of action with prejudice, granted defendants' judgment for dismissal and also awarded defendants their costs against Mr. and Mrs. Guthrie. Mr. Guthrie stated that this decision has been since appealed to the 10th Circuit Court of Appeals. FINDINGS OF FACT Petitioners were employed by the McDonnell-Douglas Corporation during 1984. Mr. Guthrie's 1984 earnings and Federal income tax withholdings were $ 28,680 and $ 2,162.23, respectively. Mrs. Guthrie's 1984 earnings and Federal income tax withholdings were *177 $ 26,377 and $ 2,140, respectively. Neither petitioner filed a Federal income tax return for taxable year 1984. During 1984, petitioners' son Darrell and daughter Linda were 23 and 19 years of age, respectively. Both Darrell and Linda resided with petitioners during 1984. Neither was a full-time student at an educational institution during each of five calendar months during the year in issue. Respondent issued separate notices of deficiency to Mr. and Mrs. Guthrie for the taxable year 1984. In his notice of deficiency issued to Mr. Guthrie, respondent determined that Mr. Guthrie had unreported earned income of $ 28,680 and unreported interest income of $ 1 for 1984. In his notice of deficiency issued to Mrs. Guthrie, respondent determined that Mrs. Guthrie had unreported earned income of $ 26,377 for 1984. Respondent thereafter used the tax rates applicable in the case of married individuals filing separate returns to calculate the deficiencies in question, allowing each petitioner a personal exemption deduction, and also determined various additions to tax. At trial, Mr. Guthrie asserted that he is entitled to a dependency exemption deduction for his son. In her petition, *178 Mrs. Guthrie claimed a dependency exemption deduction for her daughter. OPINION Issue 1: Dependency Exemptions
Sections 151(c) and 152(a)(1) allows a deduction for a son and daughter where the taxpayer provides more than one-half of the child's support during a taxable year, providing at least one of the three following alternative requirements of former section 151(e)(1) are met: (1) the dependent's gross income for the taxable year is less than the exemption amount; or (2) the dependent is a child of the taxpayer who has not attained the age of 19 at the close of the taxable year; or (3) the dependent is a child who qualifies as a student as defined in section 151(e)(4). Petitioners have the burden of proving that their children were "dependents" within the meaning of section 151. Vance v. Commissioner,36 T.C. 547, 549 (1961); Rule 142(a). It is clear from this record that Darrell and Linda were over 19 at the end of the year 1984 and that they were not students as defined in the statute. Petitioners make no contention that Linda was a student during 1984. With respect to Darrell, Mr. Guthrie testified that he paid approximately $ 5,000 *179 in tuition for Darrell's computer training at Bryan Institute. However, Mr. Guthrie was uncertain as to the year of Darrell's computer training and was unable to furnish additional details concerning this training program. However, petitioners testified that both their son and daughter lived at petitioners' residence during the entire year 1984, that neither child was employed during the year and that petitioners furnished over one-half of their childrens' 1984 support. Mr. Guthrie further testified that Darrell had worked for a company prior to 1984, but the company later "burnt down and that is the last he has worked. He had been looking for work everywhere, and couldn't find none." Mrs. Guthrie testified that she provided her daughter with living accommodations at petitioners' residence and a weekly allowance of at least $ 25 during 1984. She further testified that "[Linda] didn't work anywhere. She was with us and that was all she had -- the only place she had any money coming from for any means of support." [3]
*180 We have no reason to doubt petitioners' testimony that, even though their children were not minors, they provided virtually all of their childrens' support during the taxable year. See Biancone v. Commissioner,T.C. Memo. 1979-94. Furthermore, respondent has not furnished any evidence on cross-examination to suggest that petitioners' children earned 1984 income in excess of the exemption amount or otherwise contradict petitioners' testimony. See Byrd v. Commissioner,T.C. Memo. 1986-385. Accordingly, we find on this record that petitioners provided Darrell and Linda with over half of their support during 1984 and are entitled to dependency exemptions for them. Issue 2: Additions to Tax.
Petitioners failed to file a Federal income tax return for taxable year 1984. At trial, petitioner testified that they stopped filing Federal income tax returns after 1981. Petitioners allegedly stopped filing because they could not determine their tax liability due to their inability to understand the Internal Revenue Code and the tax forms. Moreover, the extent of petitioners' inability to understand respondent's determination of additions to tax was *181 revealed by petitioners during cross-examination by respondent: A. (Mr. Guthrie) Well, sir, I don't understand why all these additions are on here for and everything, and I am not rich enough to afford an attorney to explain all this stuff and everything. I simply don't understand. Q. And, Mrs. Guthrie, would your answer to that be the same? A. (Mrs. Guthrie) Yes, sir. Accordingly, we will attempt to alleviate some of the confusion surrounding petitioners' alleged failure to understand the additions to tax determined by respondent. Section 6651.Section 6651(a)(1) provides for an addition to tax for failure to timely file a return, unless such failure is due to reasonable cause and is not due to willful neglect. Petitioners bear the burden of proving that the section 6651(a)(1) addition to tax does not apply. Baldwin v. Commissioner,84 T.C. 859, 870 (1985); Rule 142(a). Although petitioners contend that they do not understand the tax laws, the fact remains that petitioners were aware of their duty to file Federal income tax returns because they have filed the same in 1981 and prior years. If petitioners were unable to determine the extent of *182 their Federal income tax liabilities, they should have sought competent advice regarding their personal tax matters. Joyce v. Commissioner,25 T.C. 13, 15 (1955). We have held that mistake as to or ignorance of the law does not amount to reasonable cause which would relieve a taxpayer from the additions to tax for failing to timely file a return. Joyce v. Commissioner, supra at 15. Thus, each petitioner is liable for the section 6651(a)(1) addition to tax. Section 6653. Section 6653(a)(1) provides for an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Petitioners have the burden of proving that respondent's determination is incorrect. Bixby v. Commissioner,58 T.C. 757, 791 (1972); Rule 142(a). Neither petitioner has offered persuasive evidence to refute respondent's determination. We sustain respondent. Section 6654. An addition to tax under this section is mandatory where prepayments *183 of tax during the year do not equal the percentage of total liability required under the statute. Castillo v. Commissioner,84 T.C. 405, 410 (1985). There are exceptions under the statute. However, petitioners bear the burden of showing qualification for an exception to the addition to tax. They have failed to do so and accordingly each petitioner is liable for the section 6654 addition to tax. Section 6661. Respondent determined that petitioners' understatements of income tax were substantial. Section 6661(a) provides: Addition To Tax. -- If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement. Under section 6661(b)(2)(A), an understatement is defined as "the excess of the amount of the tax required to be shown on the return for the taxable year, over the amount of the tax imposed which is shown on the return," subject to exceptions not pertinent to the instant case. An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the return. *184 Section 6661(b). Since each petitioner failed to report any of his/her income, the entire amount of the tax required to be shown on the return is equal to the entire amount of the tax deficiencies as determined by respondent. Sections 1.6661-2(d)(4) and (5), Income Tax Regs. Respondent determined Mr. and Mrs. Guthrie's respective tax deficiencies in the amounts of $ 6,701 and $ 5,827, using the tax rates for married filing separately. Because petitioners have failed to file joint returns they are not entitled to have their tax computed using the rates applicable to joint returns. Thompson v. Commissioner,78 T.C. 558, 561 (1982). Moreover, since no return was filed by petitioners, the amount of tax which is shown on the return is considered to be zero. Section 1.6661-2(d)(2), Income Tax Regs.; Woods v. Commissioner,91 T.C. 88, 95 (1988). Thus, each amount by which Mr. and Mrs. Guthrie understated their respective income tax, $ 5,827 and $ 6,701, is greater than 10 percent of the tax required to be shown on the return and also greater than $ 5,000. Accordingly, each petitioner is liable for the section 6661 addition to tax because each understatement *185 of tax was a substantial understatement within the meaning of section 6661. In his notice of deficiency, respondent calculated the section 6661 addition to tax by applying 25 percent to the entire amount of each tax deficiency. In each case, the amount of the tax deficiency is equal to the amount of the understatement of income tax. However, under section 6661(a), the 25-percent rate is applicable only to the unpaid amount, i.e., the underpayment, rather than to the entire understatement. Woods v. Commissioner, supra at 97. The parties have agreed that Mr. and Mrs. Guthrie's respective Federal income tax withholdings were $ 2,162.23 and $ 2,140. These withholding credits must be subtracted from the understatement to arrive at the amount of any underpayment for purposes of the addition to tax computation under section 6661. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
*. 50 percent of the interest due on $ 5,827. ↩
**. 50 percent of the interest due on $ 6,701.↩
2. At trial, Mr. Guthrie conceded that his unreported wages constitute taxable income. We deem Mrs. Guthrie to have also conceded that her unreported wages constitute taxable income although she admitted "not fully" understanding why her wages are taxable. Mr. Guthrie has failed to address and therefore has conceded respondent's determination of unreported interest income of $ 1.00. The parties have agreed that petitioners are entitled to various nonbusiness expenses substantiated by petitioners after issuance of the notice of deficiency.↩
3. At trial, Mrs. Guthrie proffered an affidavit, executed by Linda, which purported to corroborate Mrs. Guthrie's assertion that Linda resided at petitioners' residence during 1984. Respondent objected to its admissibility asserting that an ex parte affidavit does not constitute "satisfactory evidence." We sustained respondent's objection. See Rule 143(b).↩