T.C. Memo. 2009-125


UNITED STATES TAX COURT


JAMES H. KELSO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19367-07L.                    Filed June 1, 2009.


<u>Stan D. Blyth</u>, for petitioner.

<u>Christian A. Speck</u>, for respondent.



MEMORANDUM OPINION


HAINES, <u>Judge</u>:  The parties submitted this case to the Court without trial.  See Rule 122.[1]  Respondent made the determination to proceed to collect by levy petitioner's 2000, 2001, 2002,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

2003, and 2004 (the years at issue) outstanding income tax liabilities of $24,980, $79,303, $66,761, $47,791, and $38,598, respectively. Petitioner seeks review of respondent's determination under section 6330.

The parties' controversy poses the following issues for our consideration: (1) Whether respondent abused his discretion by rejecting petitioner's offer to enter into an installment agreement; and (2) whether respondent erred by failing to abate petitioner's addition to tax for 2002 under section 6651(a)(1).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time petitioner filed his petition, he resided in California.

During the years at issue petitioner was self-employed as a periodontist. Petitioner did not fully pay the tax liabilities reflected on the returns he filed for the years at issue. On November 1, 2004, petitioner filed his 2002 return late.

On May 11, 2005, respondent mailed to petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing for the unpaid liabilities for 2000, 2001, 2002, and 2003 (2000-03 notice). Petitioner made a timely request for a section 6330 hearing concerning the 2000-03 notice.

On April 19, 2006, respondent mailed to petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing for unpaid liability for 2004 (2004 notice). Petitioner made a timely request for a section 6330 hearing concerning the 2004 notice.

On February 12, 2007, respondent's Appeals officer spoke by telephone with petitioner concerning the years at issue. During the call petitioner proposed a partial payment installment agreement of $750 per month, to be reviewed every 3 years.

Petitioner provided respondent with a variety of documents concerning petitioner's medical condition and financial status to support his proposal for an installment agreement. Petitioner's Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, indicated that petitioner had net income of $10,205 per month over an 11-month period ending November 30, 2006. Petitioner's Forms 1040, U.S. Individual Income Tax Return, for 2006 and 2007 indicated that petitioner's net income from Schedule C, Profit or Loss From Business, averaged $12,262 per month for 2006 and $11,373 per month for 2007, respectively.

On July 23, 2007, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 that sustained the collection actions for the years

at issue.  In response, petitioner filed a timely petition with this Court.

Discussion

## I.   Installment Agreement

When a levy is proposed to be made on any property or right to property, a taxpayer is entitled to a notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the Appeals Office.  Secs. 6330(a) and (b), 6331(d). If the taxpayer requests a hearing, he may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A).  A determination is then made which takes into consideration those issues, the verification that the requirements of applicable law and administrative procedures have been met, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).

Petitioner disputes respondent's rejection of his proposed installment agreement.  We review the rejection of the proposed installment agreement for abuse of discretion.  See Lunsford v.

Commissioner, 117 T.C. 183, 185 (2001); Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001).

Respondent's Appeals officer reviewed petitioners' submitted financial information and determined that an installment agreement was not appropriate. We received as exhibits the financial information presented to respondent and find that the Appeals officer could have reasonably concluded that petitioner receives sufficient income to satisfy the tax liabilities without resorting to a partial payment installment agreement of $750 per month. Petitioner's statement of income for his dental business for 2006 indicates that he had an average net profit of $10,205 per month. Petitioner's 2007 return indicates that he had an average net profit of $11,373 per month. The medical information petitioner submitted does not indicate that petitioner's future earning potential would be drastically reduced as a result of his health problems.[2] Accordingly, we conclude that respondent's refusal to enter into an installment agreement was not an abuse of discretion.

---

[2]Petitioner submitted a document to the court entitled "Health Plan" in which petitioner notes that in 2006 his doctors recommended that he reduce his work week from 6 to 4 days to allow him time to exercise or attend personal training. Nevertheless, petitioner earned income in 2007 comparable to what he earned in prior years.

II.  Section 6651(a)(1) Addition to Tax

We apply the de novo standard of review to respondent's determination to not abate the section 6651(a)(1) addition to tax.  See Downing v. Commissioner, 118 T.C. 22, 28-29 (2002). Section 6651(a)(1) imposes an addition to tax for any failure to file a return by its due date.  The addition is equal to 5 percent of the amount required to be shown as tax on the return for each month or portion thereof that the return is late, up to a maximum of 25 percent.  See id.  The addition is imposed on the net amount due, calculated by reducing the amount required to be shown as tax on the return by any part of the tax which is paid on or before its due date.  See sec. 6651(b)(1).

The addition will not apply if it is shown that the failure to file a timely return was due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1); see also United States v. Boyle, 469 U.S. 241, 245 (1985).  A failure to file is due to reasonable cause "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see United States v. Boyle, supra at 246.  Willful neglect is interpreted as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245.

Petitioner admits that he did not file his 2002 return until November 1, 2004.  This fact satisfies respondent's burden of

production under section 7491(c) and establishes petitioner's liability for the section 6651(a)(1) addition to tax unless petitioner can establish reasonable cause for his failure to file a timely return.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioner argues that the late filing of his 2002 return was due to reasonable cause because he was suffering from back injuries and chronic dizziness caused by two automobile accidents in 1997 and 2003.

The Court has found reasonable cause where the taxpayer experiences an illness or incapacity that prevents the taxpayer from filing his or her tax return.  See, e.g., Harris v. Commissioner, T.C. Memo. 1969-49 (reasonable cause found where the taxpayer's activities were severely restricted, and the taxpayer was in and out of hospitals because of various severe medical ailments including stroke, paralysis, heart attack, bladder trouble, and breast cancer).

On the other hand, the Court has not found reasonable cause where the taxpayer does not timely file but is able to continue his or her business affairs despite the illness or incapacity. See, e.g., Judge v. Commissioner, 88 T.C. 1175, 1189-1191 (1987) (no reasonable cause found where the taxpayer had a long history of delinquent filing of returns and the taxpayer was actively involved in preparing and executing business-related documents

despite illness during years at issue); <u>Watts v. Commissioner</u>, T.C. Memo. 1999-416 (reasonable cause not found where, although the taxpayer's mother and daughter were both ill and the taxpayer frequently took them to see doctors, the taxpayer also performed extensive architectural services in the taxpayer's business).

While we do not trivialize the medical problems facing petitioner, the record indicates he was able to continue his business and carry on his affairs throughout the years at issue. Petitioner's medical problems do not rise to the level necessary to find reasonable cause for failure to timely file.

Petitioner also contends that he failed to timely file because he lost financial information as a result of the robberies. Petitioner has submitted evidence of only one robbery, in the form of a police report. The report indicates that on January 22, 2003, petitioner's car was broken into and two tennis rackets and a watch were stolen. The record does not indicate that petitioner's financial information for 2002 was lost in this incident.[3]

On the basis of the foregoing, we hold that petitioner did not have reasonable cause for his failure to timely file his 2002

---

[3]The fact that petitioner had reason to store tennis rackets in his car also seems to indicate that his physical condition was not so dire as to preclude him from timely filing his 2002 return.

return.  Accordingly, we hold that respondent may proceed with the collection action.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.