T.C. Memo. 2011-272

UNITED STATES TAX COURT

VERNELL DAVID WEST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14036-07.                    Filed November 16, 2011.

Vernell David West, pro se.

<u>Michael T. Sargent</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Petitioner brought this action under section 6213(a)[1] seeking redetermination of the following deficiencies in

---

[1]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

income tax and additions to tax for the tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005:

|      |            | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1999 | $24,323 | $5,472.68 | [1] | N/A |
| 2000 | 46,355 | 10,429.88 | [1] | $2,203.78 |
| 2001 | 24,494 | 5,511.15 | [1] | 978.87 |
| 2002 | 16,994 | 3,823.65 | [1] | 567.92 |
| 2003 | 20,651 | 4,646.48 | [1] | 540.44 |
| 2004 | 32,956 | 7,415.10 | [1] | 956.62 |
| 2005 | 39,956 | 8,990.10 | [1] | 1,602.69 |

[1]The amount of any additions to tax under sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

The Court must decide the following issues:  (1) Whether petitioner must recognize unreported income for the tax years 1999 through 2005; (2) whether petitioner is entitled to ordinary and necessary business expense deductions for the tax years 1999, 2000, 2001, 2002, 2003, 2004 and 2005; and (3) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) and 6654(a) for the tax years 2000 through 2005.

FINDINGS OF FACT

Some facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  Petitioner resided in North Carolina at the time the petition was filed. Petitioner operated both a farming business and a bricklaying business in a location other than his home for the tax years 1999 through 2005.  The record does not indicate his method of accounting.

Petitioner did not file Federal income tax returns for the tax years 1999 through 2005. Petitioner believed that once he turned 72 years old, he did not have to pay taxes anymore. Pursuant to section 6020(b), using information third parties reported, respondent prepared a substitute return for petitioner for each of the tax years at issue.

The substitute returns respondent prepared indicated the following payments and their categories were made to petitioner:

| Year | Total | Social Security | Bricklaying Business | Interest |
|------|-------|-----------------|----------------------|----------|
| 1999 | $72,451 | --- | $63,753 | --- |
| 2000 | 136,271 | $9,747 | 52,811 | $108 |
| 2001 | 86,182 | 13,488 | 50,848 | 19 |
| 2002 | 66,003 | 13,814 | 45,337 | --- |
| 2003 | 75,854 | 14,012 | 56,835 | --- |
| 2004 | 109,137 | 14,302 | 89,541 | --- |
| 2005 | 142,935 | 14,685 | 98,445 | --- |

The balance of all the payments each year was related to petitioner's farming business.

Petitioner timely filed a petition for redetermination, and a trial was set. Before the trial date, petitioner's granddaughter Velicia L. Everett faxed to respondent six pages of tables. The first page summarized petitioner's claims to farming and bricklaying expenses for the tax years 1999 through 2005 and categorized them according to "Expenses" and "Payroll". Copies of Forms W-3, Transmittal of Wage and Tax Statements, for the tax years 2002, 2003, 2004, and 2005 were attached. The tables identified each of the claimed farming and bricklaying business

expenses for services or goods for those tax years according to the vendor who provided those services or sold the items and the cost of each service or item.  The tables were prepared using receipts included in petitioner's records.  The expenses reported for tax years 1999, 2000, 2001, 2002, and 2003 were not documented by receipts or other substantiation, except for petitioner's purchase of a $14,580 tractor on May 4, 2001. Petitioner could not provide any such records for those tax years because his children had cleaned up his home and thrown away the documents when he was seriously ill and was hospitalized for an extended period.  Petitioner reported expenses for tax years 2004 and 2005, including the purchase of a Ford Expedition for $35,055.79 on December 12, 2005.  He stated that he had used the Ford Expedition only to drive from his personal residence to his doctor's office and the farming field.

Respondent conceded the issue of the payroll expenses listed on the tables for all the tax years.  Petitioner is entitled to deduct the payroll expenses of $9,349, $8,758, $18,087, and $19,375 for the respective tax years 2002, 2003, 2004, and 2005 for the bricklaying business.

OPINION

Burden of Proof

The Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of disproving those determinations. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner with respect to a factual issue relevant to ascertaining the liability of a taxpayer for tax when the taxpayer has introduced credible evidence regarding that issue and has met certain statutory requirements. See sec. 7491(a).

Gross Income

Section 61 provides that "gross income means all income from whatever source derived". Sec. 61(a). The U.S. Supreme Court has construed this section to mean that gross income includes all "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). There is no dispute that petitioner received for the tax years 1999 through 2005 the amounts shown on the table supra, from the substitute returns.[2]

---

[2]However, the stipulation of facts contains a typographical error. In 2005 petitioner received a Form 1099-S, Proceeds from Real Estate Transactions, reporting the receipt of $19,508 from the Farm Bureau. It was incorrectly listed as a Form 1099-MISC, Miscellaneous Income, on the stipulation.

However, a taxpayer does not have to include a Social Security benefit in gross income unless the taxpayer's adjusted gross income, with certain modifications, plus one-half of the Social Security benefit exceeds a specified base amount. Sec. 86(b). An allowance of petitioner's business expense deductions will affect his adjusted gross income. Therefore, in the Rule 155 computations the parties are to take into account that petitioner has to include in gross income only the portion of Social Security benefits prescribed by section 86.

## Deductions

Deductions are a matter of legislative grace. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). A taxpayer must prove he is entitled to any deduction. See INDOPCO, Inc. v. Commissioner, supra at 84; New Colonial Ice Co. v. Commissioner, supra at 440; see also Rule 142(a). Furthermore, the taxpayer must substantiate his deductions. See Welch v. Helvering, supra at 115; see also Rule 142(a).

## Tractor and Car

Under section 167 a depreciation deduction is allowed for the exhaustion and wear and tear of property used in a trade or business. Section 179 provides that a taxpayer can elect a deduction for certain depreciable property in the year that property is placed in service. Petitioner is not entitled to the

depreciation deduction for his Ford Expedition because he used that car only for personal reasons, traveling between his residence and his regular place of business. See Commissioner v. Flowers, 326 U.S. 465 (1946); O'Hare v. Commissioner, 54 T.C. 874 (1970). As to his tractor, petitioner did use the tractor for a business purpose and can depreciate its cost over the recovery period, using the applicable convention. See sec. 168. Petitioner cannot, however, reap an immediate deduction for his tractor under section 179 because he failed to elect that treatment.

Other Farming and Bricklaying Expenses

Section 162(a) provides for the deduction of all the ordinary and necessary expenses a taxpayer paid or incurred during the taxable year in carrying on his business. Respondent concedes that petitioner had a farming business and a bricklaying business that produced ordinary and necessary business expenses under section 162. Petitioner also provided specific documentation of his farming receipts for tax years 2004 and 2005. The issue remains as to whether petitioner has sufficient documentation to substantiate the expenses related to his farming business for tax years 1999 through 2003 and for his bricklaying business for all tax years.

This Court may estimate the amount of a deductible expense in certain circumstances where a taxpayer establishes he paid the

expense but cannot substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). In its estimate, this Court may bear heavily against a taxpayer whose inexactitude is of his own making. See id. A taxpayer must provide a basis upon which this Court can make its estimate of the expense. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Cohan v. Commissioner, supra at 544; Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). In estimating a taxpayer's expenses for the year at issue this Court has relied upon a taxpayer's expenses incurred in previous or subsequent years. See Young v. Commissioner, T.C. Memo. 1989-241 (limiting the relevant year's repair expenses because they have exceeded the cost of the previous year's expenses); Hicks v. Commissioner, T.C. Memo. 1957-24 (estimating the present year's income by comparison with the income received in other relevant years). The Court holds that pursuant to section 162 petitioner can deduct his business expenses for the tax years 2004 and 2005 as stipulated and can deduct an estimated amount of the other expenses for the tax years 1999, 2000, 2001, 2002 and 2003.

Petitioner is entitled to deduct the listed expenses related to his farming business for tax years 2004 and 2005 as the record indicates that his tables were based on actual receipts for those years, and respondent has conceded this. In regard to the business expenses related to farming for the tax years 1999,

2000, 2001, 2002, and 2003, the record as a whole warrants an estimate of the expenses petitioner incurred for those tax years. The estimate will be based on the average of the expenses he incurred for 2004 and 2005.[3]

Petitioner has provided documentation related to business expenses for his bricklaying business only for 2004 and 2005. The record as a whole warrants an estimate of the expenses petitioner incurred for tax years 1999, 2000, 2001, 2002, and 2003. The estimate will be based on the average of the expenses he incurred in 2004 and 2005.

Additions to Tax

Section 6651(a)(1) imposes an addition to tax if a taxpayer failed to file an income tax return timely. Under section 6651(a)(2), an addition to tax is imposed for a taxpayer's failure to pay taxes shown on any return. Section 6654(a) imposes an addition to tax for a taxpayer's failure to pay estimated income tax.[4] Pursuant to section 7491(c), respondent has the burden of production with respect to any penalty,

---

[3]For the purpose of calculating the estimated expenses for tax years 1999, 2000, 2001, 2002, and 2003, the cost of the Ford Expedition will not be included because petitioner cannot deduct the cost of the Ford Expedition for the tax year 2005. For the tax year 2001, petitioner is entitled to the estimated other business expenses in addition to the depreciation deduction claimed for the tractor.

[4]The only Federal tax deposit during the years in question was for the 2000 taxable year made on Jan. 15, 2001, for $12,500.

addition to tax, or additional amount imposed by the Internal Revenue Code.  See sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  Respondent has not carried the burden for taxable year 2000 in regard to section 6654(a) in that there was a significant Federal tax deposit relected in the stipulation of facts; however the evidence is sufficient to satisfy respondent's burden of production under section 7491(c) for the balance of the taxable years at issue.

These additions to tax will not be imposed if a taxpayer's failure is due to reasonable cause and not willful neglect.  See secs. 6651(a), 6654(e)(3).  Petitioner seeks relief from these additions to tax, arguing that he is ignorant of and has misinterpreted the law.  Petitioner's mistake as to or ignorance of the law does not amount to reasonable cause, and thus his argument will not relieve him from the imposition of these additions to tax.  See <u>Joyce v. Commissioner</u>, 25 T.C. 13, 15 (1955); <u>Mostafa v. Commissioner</u>, T.C. Memo. 2006-106; <u>Guthrie v. Commissioner</u>, T.C. Memo. 1989-168.  Respondent introduced evidence that petitioner did not file returns for tax years 1999 through 2005 or request additional time to file.

<u>Conclusion</u>

Petitioner must recognize unreported income, as we have found.  Petitioner is not entitled to a depreciation deduction for his car for the tax year 2005.  He is entitled to the

depreciation deduction for his tractor and must depreciate the cost of the tractor over the recovery period using the applicable convention.  Also, petitioner is entitled under section 162 to deduct for his farm business and for his bricklaying business expenses for the tax years 2004 and 2005. For each of the tax years 1999, 2000, 2001, 2002, and 2003, he is entitled to the average of the other farm business expenses incurred for the tax years 2004 and 2005.  Petitioner is entitled to additional deductions related to his bricklaying business for tax years 1999 through 2003 using the average expenses incurred for 2004 and 2005.  Respondent has shown adequate grounds for the additions to tax under section 6651(a)(1) and (2) for all years at issue and under section 6654(a) but for taxable year 2000, and this Court will therefore sustain them.

To reflect concessions and this Court's conclusions stated above,

<u>Decision will be entered</u>

<u>under Rule 155</u>.