T.C. Memo. 2013-181

UNITED STATES TAX COURT

MARRIANNE ELIZABETH RAYHILL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11455-11.                    Filed August 8, 2013.

Marrianne Elizabeth Rayhill, pro se.

Kimberly A. Santos and Kathryn A. Meyer, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  Respondent determined a deficiency in petitioner's
2007 Federal income tax of $16,686 and additions to tax of $3,754, $2,753, and
$759 under sections 6651(a)(1) and (2) and 6654(a), respectively.

**[\*2]** Unless otherwise stated, all section references are to the Internal Revenue Code in effect for 2007, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

Petitioner bears the burden of proof. See Rule 142(a).[1]

Background

Some facts are stipulated and are so found. Respondent concedes that petitioner is not liable for the section 6654(a) addition to tax, and we will therefore not discuss it further. Petitioner filed no return for 2007, and, for that reason, respondent prepared for her a substitute for return. See sec. 6020(b). The principal adjustments giving rise to respondent's determination of a deficiency in tax are omissions from gross income of the following items: interest income--$14; wages, tips, and other compensation--$65,226; and Social Security benefits-- $24,132.

The parties have made numerous concessions regarding those adjustments. Petitioner concedes that she omitted from gross income interest of $14. Respondent concedes that the taxable amount of the Social Security benefit petitioner received is only $7,579, which petitioner concedes is includible in gross

---

[1]Petitioner makes no argument that, pursuant to sec. 7491(a), the burden shifts to respondent. In any event, the record establishes that petitioner does not satisfy the preconditions found in sec. 7491(a)(2).

[*3] income.  Respondent also concedes that petitioner is allowed on Schedule A, Itemized Deductions, a miscellaneous expense deduction of $1,772 for attorney's fees connected with securing the Social Security benefits.  Petitioner concedes that, pursuant to an employer provided and funded, group long-term disability policy, she received $64,732 (disability payment) from the Hartford Life Insurance Co.  Respondent concedes that she received no more than that amount.  Petitioner concedes that some, but not all, of the disability payment is includible in her gross income.  Respondent concedes that petitioner is entitled to a Schedule A cash charitable contribution deduction of $349 and a Schedule A noncash charitable contribution deduction of $250.  Respondent concedes that petitioner is entitled to a deduction on Schedule C, Profit or Loss From Business, for business expenses of $402.  Petitioner concedes that she neither filed a Federal income tax return nor paid any tax for 2007.  We accept all concessions and find accordingly.

Trial was held in this case on December 11, 2012, in Los Angeles, California.  At the conclusion of the trial, the Court reviewed with the parties the issues still in dispute.  Although petitioner concedes that some portion of the disability payment is includible in her 2007 gross income, she believes that, because, in part, the disability payment represented amounts that she should have received in prior years, only that portion allocable to 2007 is includible in her

**[*4]** 2007 gross income. Petitioner also believes that she should be allowed deductions for amounts that the parties have stipulated that she spent in 2007 and that she claims were for business expenses, but which respondent would not allow as deductions because petitioner failed to show that they were ordinary and necessary business expenses properly substantiated. See secs. 162(a), 274. Finally, notwithstanding petitioner's concession that she neither filed a 2007 income tax return nor paid the tax due, she believes that, because she was sick during 2008 she should not have to pay the section 6651(a)(1) and (2) additions for delinquent filing and failure to pay timely.

Also at the conclusion of the trial, we set a briefing schedule, ordering seriatim briefs, with petitioner to go first. We allowed her 75 days to file her brief. She failed to do so, and we allowed her an additional 25 days. She again failed to file a brief.

Petitioner resided in California when she filed the petition.

## Discussion

We are left with few issues to decide, and, although we could declare petitioner in default with respect to the remaining issues, with respect to all of which she bears the burden of proof, see Rules 123, 151; Stringer v. Commissioner, 84 T.C. 693 (1985), aff'd without published opinion, 789 F.2d 917

[*5] (4th Cir. 1986); Horn v. Commissioner, T.C. Memo. 2002-207, we will address those issues.

I.    Disability Payment

Section 451(a) provides that the amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period.  The law is clear that gains, profits, and income are to be included in the gross income of a cash method taxpayer for the taxable year in which they are received.  See secs. 1.451-1(a), 1.446-1(c)(1)(i), Income Tax Regs.  Since petitioner has failed to show that for 2007 she was other than a cash method taxpayer, the entire amount of the disability payment must be included in her 2007 gross income because she received the entire amount in that year.

II.    Deductions

Petitioner has failed to carry her burden of showing that the disputed deductions were ordinary and necessary expenses paid or incurred during 2007 in carrying on any trade or business, see sec. 162(a), or that she has met the substantiation requirements of section 274.  We will allow no deductions other than those respondent allowed.

**[*6]** III.     Additions to Tax

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to timely file a return (determined with regard to any extension of time for filing) unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect.  The addition equals 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.  Id.

Section 6651(a)(2) imposes an addition to tax when a taxpayer fails to pay the amount of tax shown on a return by the prescribed date unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. The addition equals 0.5% of the tax for each month or fraction thereof during which the tax remains unpaid, up to a maximum addition of 25%.  Under section 6651(g)(2), a substitute for return prepared pursuant to section 6020(b) is treated as the taxpayer's return for purposes of section 6651(a)(2).[2]

---

[2]We note in passing that, while a properly made substitute for return is necessary before a sec. 6651(a)(2) addition to tax for failure to pay the tax shown on return can be imposed on a nonfiler, a substitute for return is not a prerequisite to the Commissioner's determining a deficiency in tax.  E.g., Roat v. Commissioner, 847 F.2d 1379, 1381-1382 (9th Cir. 1988) ("Deficiency procedures set out in the Internal Revenue Code * * * do not require the Commissioner to

(continued...)

**[\*7]**   With respect to both the section 6651(a)(1) and (2) additions to tax, respondent bears the burden of coming forth with evidence that imposition of the addition is appropriate.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); see also sec. 7491(c).  Petitioner concedes that she neither filed a return nor paid any tax for 2007.  Accordingly, we conclude that respondent has produced sufficient evidence to show that the section 6651(a)(1) and (2) additions to tax are appropriate, unless petitioner proves that either or both of her failure to file and failure to pay were due to reasonable cause and not due to willful neglect.

A failure to file is due to reasonable cause if a taxpayer "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985).  A failure to pay tax will be considered to be due to reasonable cause if the taxpayer exercised ordinary care and prudence in providing for her tax liability but was unable to pay.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect is interpreted as a "conscious, intentional failure or reckless indifference."  Boyle, 469 U.S. at 245.

---

[2](...continued)
prepare a return on a taxpayer's behalf before determining and issuing a notice of deficiency."); accord Watson v. Commissioner, T.C. Memo. 2007-146, aff'd, 277 Fed. Appx. 450 (5th Cir. 2008).

**[*8]**   Petitioner claims that she was unaware that any of her income was taxable. Petitioner's mistake as to or ignorance of the law, however, does not amount to reasonable cause and thus will not relieve her from the imposition of the addition to tax pursuant to section 6651(a)(1).  See Joyce v. Commissioner, 25 T.C. 13, 15 (1955); West v. Commissioner, T.C. Memo. 2011-272, 2011 WL 5572604, at *4.

Petitioner also argues that she was not able to file her returns because of her health problems.  To substantiate her argument, petitioner testified that she is a disabled taxpayer and that she had additional serious medical problems in both 2007 and 2008.  A taxpayer's disability may constitute reasonable cause for failure to file returns.  Boyle, 469 U.S. at 248 n.6; see, e.g., Rappaport v. Commissioner, T.C. Memo. 2006-87, 2006 WL 1083434, at *5.  However, a taxpayer does not have reasonable cause for failing to file tax returns if he or she was performing normal business operations.  E.g., Rappaport v. Commissioner, 2006 WL 1083434, at *5.  While we do not trivialize the medical problems facing petitioner, the record indicates she carried on her real estate brokerage business and her other business affairs throughout 2007.  Petitioner was not specific in her testimony as to the periods of her medical problems or how, during those periods, her medical problems interfered with her filing a return.  Indeed, she testified that she did not file because she did not think that she had to.  Petitioner has not convinced us that

**[*9]** her medical problems provided reasonable cause for her failure to timely file. See Kelso v. Commissioner, T.C. Memo. 2009-125, 2009 WL 1530158, at *3. Consequently, we find that petitioner did not have reasonable cause for her failure to timely file her 2007 return and that she is liable for the addition to tax under section 6651(a)(1).

For the reasons stated in connection with our sustaining respondent's imposition of the section 6651(a)(1) addition to tax, we also find that petitioner has not produced evidence that her failure to pay was due to reasonable cause and not due to willful neglect.  Consequently, we find that petitioner is liable for the addition to tax under section 6651(a)(2).

Decision will be entered under Rule 155.